Benjamin DRANOW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17319.

United States Court of Appeals Eighth Circuit.

Dec. 16, 1963.

Certiorari Denied Feb. 17, 1964.

See 84 S.Ct. 669.

Emanuel Shapiro, St. Louis, Mo., Morris A. Shenker, St. Louis, Mo., and Jacques M. Schiffer, New York City, on the brief, for appellant.

Hartley Nordin, Asst. U. S. Atty., Minneapolis, Minn., Miles W. Lord, U. S. Atty., Minneapolis, Minn., on the brief, for appellee.

Before VAN OOSTERHOUT, MAT-
THES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Benjamin Dranow was in-
dicted, tried to the court and convicted
upon a charge of bail jumping in viola-
tion of 18 U.S.C.A. § 3146. He was sen-
tenced to a term of two and one-half
years, said sentence to be consecutive to
previously imposed sentences upon other
charges described in Dranow v. United
States, 8 Cir., 307 F.2d 545.

The sole error urged by the defendant
in this timely appeal is thus stated:

"The trial court failed to ascer-
tain whether appellant's waiver of a
jury was voluntary, and accordingly,
the jury was not validly waived un-
der Rule 23(a) of the Federal Rules
of Criminal Procedure and Article 3,
Section 2, Clause 3, and the Sixth
Amendment to the Constitution;
therefore requiring a new trial."

■ Unquestionably a criminal de-
fendant is guaranteed the right to a trial
by jury by Article III, Section 2, Clause
3 of the Constitution of the United
States and the Sixth Amendment to the
Constitution. However, it is well-estab-
lished law that a criminal defendant has
a right to waive his constitutional right
to a jury trial provided such waiver is
voluntarily, knowingly and intelligently
made. Patton v. United States, 281 U.S.
276, 50 S.Ct. 253, 74 L.Ed. 854; Adams
v. United States, 317 U.S. 269, 63 S.Ct.
236, 87 L.Ed. 268. With respect to jury
waiver, the Court in Patton states:

"Not only must the right of the ac-
cused to a trial by a constitutional
jury be jealously preserved, but the
maintenance of the jury as a fact
finding body in criminal cases is of
such importance and has such a
place in our traditions, that, before
any waiver can become effective, the
consent of government counsel and
the sanction of the court must be
had, in addition to the express and
intelligent consent of the defendant.
And the duty of the trial court in

that regard is not to be discharged
as a mere matter of rote, but with
sound and advised discretion, with
an eye to avoid unreasonable or un-
due departures from that mode of
trial or from any of the essential
elements thereof, and with a cau-
tion increasing in degree as the of-
fenses dealt with increase in grav-
ity." 281 U.S. 276, 312–313, 50
S.Ct. 253, 74 L.Ed. 854.

In Adams the defendant, who had
some legal training, refused counsel and
without the benefit of counsel waived a
jury trial. The Court held: "And
whether or not there is an intelligent,
competent, self-protecting waiver of jury
trial by an accused must depend upon
the unique circumstances of each case."
The Court goes on to say:

"The Patton decision left no room
for doubt that a determination of
guilt by a court after waiver of jury
trial could not be set aside and a new
trial ordered except upon a plain
showing that such waiver was not
freely and intelligently made. If
the result of the adjudicatory proc-
ess is not to be set at naught, it is
not asking too much that the burden
of showing essential unfairness be
sustained by him who claims such
injustice and seeks to have the re-
sult set aside, and that it be sus-
tained not as a matter of speculation
but as a demonstrable reality. Sim-
ply because a result that was in-
sistently invited, namely, a verdict
by a court without a jury, disap-
pointed the hopes of the accused,
ought not to be sufficient for reject-
ing it." 317 U.S. 269, 281, 63 S.Ct.
236, 87 L.Ed. 268.

Rule 23(a), Fed.R.Crim.P., provides:

"(a) Trial by Jury. Cases re-
quired to be tried by jury shall be
so tried unless the defendant waives
a jury trial in writing with the ap-
proval of the court and the consent
of the government."

The defendant, his attorney of his own
selection and Mr. Lord, the United States

Attorney, on January 2, 1963, in open court before Judge Nordbye, each signed a stipulation waiving jury trial, reading:

"Pursuant to Rule 23(a) of the Federal Rules of Criminal Procedure,

"IT IS HEREBY STIPULATED, between the above parties, by their counsel and by the defendant personally, that the defendant has entered a plea of not guilty to the Indictment herein charging him with a violation of 18 USC 3146; that the defendant fully understands and has been fully advised by his counsel that he has a constitutional right to be tried by a jury, but that with full knowledge of the premises, he waives trial by jury herein and consents and requests that he be tried by any Federal Judge of the District of Minnesota, the Court consenting, when his case may be called for trial by the United States Attorney for the District of Minnesota or any of his Assistants.

"The United States hereby consents to such waiver."

Such stipulation was filed with the court. Judge Nordbye entered an order thereon reading:

"On the foregoing Stipulation,

"IT IS ORDERED, that the defendant herein may be tried on the Indictment herein by any Federal Judge in the District of Minnesota to whom the case is assigned, without jury, in accordance with the foregoing Stipulation, the Court herewith approving said waiver."

Defendant's basic contention in support of a reversal is thus stated in his brief:

"In light of the history of jury trial, it is self evident that a waiver of jury cannot be valid if it is induced by promises or threats, or if the defendant is incompetent. Yet, the record in the instant case shows that the trial court had every reason to believe that defense counsel and government counsel had consummated a 'deal' whereby the government would dismiss a wire fraud charge pending against defendant in return for defendant's agreement to waive a jury in the instant case. In view of the fact that all negotiations for the 'deal' took place in front of the trial judge (and apparently were engineered by him) it is appellant's position that the trial court committed reversible error in failing to ask even one question of appellant regarding the possibility of his waiver being induced by a promise of the government; especially when it developed later that perhaps appellant was incompetent to waive a jury."

■ Such contention is wholly without merit. There is no substance to defendant's conclusion that he was incompetent to waive a jury. At a hearing on a motion for continuance on the ground that defendant was mentally incapable to go to trial, testimony of psychiatrists offered by both the Government and the defendant was received. At the conclusion of such hearing, based upon such testimony and the court's observance of the defendant on a number of occasions, the court entered an extensive memorandum opinion, reviewing the testimony, and determining that the defendant was competent to stand trial.

In the final judgment of conviction, the court again reviewed the question of defendant's competency and found him to be competent. Such findings are supported by substantial evidence. No attack is here made upon the rulings upon the motion for continuance or upon the determination of defendant's competency to stand trial.

■ The real thrust of defendant's argument is that defendant's waiver of jury trial was coerced by promises that a wire fraud charge (Criminal No. 11) upon which defendant had been indicted would be dismissed if defendant waived a jury upon the charge here involved, and that the defendant was coerced by such promises and that the trial court

abused its discretion or committed error in approving defendant's jury waiver. The record completely refutes such a contention.

On the morning of January 2, 1963, a hearing was commenced before Judge Nordbye upon motions pending in this case and the assignment for trial of this case and the wire fraud case. Defendant and his counsel insisted that the wire fraud case be tried first. Counsel stated that he had discussed the matter with the defendant and that the defendant desired to waive a jury on both the wire fraud and bail jumping charges. Mr. Lord stated that it was necessary for him to consult with the Attorney General's office before taking a position on jury waiver. A recess was taken for the purpose of producing the defendant before the court and to enable Mr. Lord to talk with his superiors. Shortly thereafter court was reconvened by Judge Nordbye with the defendant, his counsel and Mr. Lord present. Defendant was fully advised as to his right to be tried by a jury and upon interrogation stated he fully understood such right and that he desired to waive a jury in both cases. Defendant continued to insist that the wire fraud charge be tried first.

The bail jumping charge involved defendant's failure to appear as directed to answer to the wire fraud charge. Defendant's prior convictions upon related and contemporaneous charges had been affirmed. Dranow v. United States, 8 Cir., 307 F.2d 545. Mr. Lord advised the court and defendant and his counsel in substance that in view of such convictions the Government was not interested in pressing the wire fraud charge, which would be a rather protracted case, but that such indictment was made in good faith and could be supported. Mr. Lord stated he did not wish to dismiss the wire fraud case until after the bail jumping case was tried. He insisted that the bail jumping case be tried at an early date. He stated:

"Let me explain what the Government's position is. Mr. Dranow, through his attorney and personally, has indicated that he has some defense to the bail jumping charge because the Government never intended to try Criminal 11. I think the record is clear as to what the Government's intentions were when he was ordered to report back here. * * * *"

After considerable discussion in open court, the understanding arrived at was that the Government upon final disposition of the bail jumping charge by verdict of guilty or not guilty or by a dismissal would dismiss the wire fraud charge. After consultation with defendant, counsel expressed approval of such arrangement. The record then discloses the following proceedings:

"The Court: Now, then, while Mr. Dranow is here, you and Mr. Cohen may collaborate upon the form with reference to waiver of jury, and if Mr. Dranow wants to sign that, good and well. If it's to be approved by you, good and well. Then after it's approved by you two, if it is, then it is up to me to determine what I will do.

"Mr. Lord: If Your Honor please, could I ask the Clerk whether or not it is possible for him to have a jury here on the 28th in the event Mr. Dranow chooses to proceed with a jury?

"The Clerk: Certainly we can.

"The Court: Certainly, I can speak for the Clerk in that regard.

"Mr. Lord: I have prepared a form, Your Honor, pursuant to the request of counsel earlier this morning at our first hearing, and I have already submitted it to him, and we are prepared to sign it if he chooses to waive a jury.

"Just a moment, please. I take it that Mr. Dranow is prepared to waive the jury in the trial of the bail jumping case?

"Mr. Cohen: That's correct.

"Mr. Lord: Is that your position, Mr. Dranow?

"Defendant Dranow: It is. Is that your position, too?

"Mr. Lord: May I ask you, you understand that you have a right to a jury trial in the bail jumping case?

"Defendant Dranow: Yes, I do.

"Mr. Lord: You agree that you waive the jury and agree to have this case heard by a judge?

"Defendant Dranow: That is correct, with the provision that you do.

"Mr. Lord: Without a jury?

"Defendant Dranow: Yes, on the provision that you do."

The stipulation hereinabove set out was then signed by the defendant, and his attorney and by Mr. Lord and was signed and approved by the court.

The defendant has failed to establish that his waiver of jury trial was not made expressly, knowingly and intelligently. The suggestion of waiver of jury came from the defendant. He is a business man of intelligence with considerable prior criminal trial experience. All of defendant's maneuvers which he here relies upon are attributable to his desire to make the best deal he could for the dismissal of the wire fraud case. Both defendant and his counsel expressed satisfaction with the arrangement made with respect to the wire fraud case. Mr. Lord and the court made it abundantly clear that any agreement with respect to dismissal of the wire fraud case was in no way contingent upon waiving a jury in this case. Before the defendant signed the jury waiver, he was specifically advised that a jury would be available if desired. There is absolutely no support for defendant's contention that his waiver of jury trial was coerced. The record shows that defendant's rights to a jury trial were completely and thoroughly explained to him. The court was justified in accepting the statement of defendant that he fully understood his constitutional rights with respect to jury trial and in accepting his waiver thereof as his voluntary act, intelligently made.

The trial court did not abuse its discretion or commit error in approving the waiver of jury trial requested by the defendant and approved by the government. The defendant was in all respects treated with utmost fairness; he has had in all respects a fair trial and has failed to demonstrate that any error has been committed in his trial.

The judgment is affirmed.