**Bert L. SCOTT, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 16014.**

United States Court of Appeals
Sixth Circuit.

Aug. 13, 1965.

Clement J. DeMichelis, Cincinnati, Ohio (McCaslin, Imbus & McCaslin, Cincinnati, Ohio, on the brief), for appellant.

William A. McTighe, Jr., Asst. U. S. Atty., Memphis, Tenn., Herbert J. Miller, Jr., Asst. Atty. Gen., Crim. Div., Dept. of Justice (Thomas L. Robinson, U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

This appeal concerns motions filed by appellant under Title 28 U.S.C. § 2255, to vacate two sentences totaling thirty years of imprisonment. The motions were denied without hearing by the United States District Judge who had administered the sentences.

Petitioner alleges that his pleas of guilty to the two indictments for bank robbery were induced by a promise of a sentence of no more than ten years for three such offenses. He claims the promise was made by a Mississippi sheriff— now deceased—in the presence of and with the acquiescence of several federal officers.

Although his original pleading was in fairly general terms, on answers to interrogatories filed by the government, his allegations concerning the claims referred to are now specific as to time, place, language and people present. Cf. Olive v. United States, 327 F.2d 646 (C. A. 6, 1964).

In turn, the government has filed affidavits from the federal officers who were concerned with the case which squarely deny the promise alleged by appellant.

Without noticing the matter for hearing or taking any testimony, the United States District Judge denied the motions. To do so it appears to us that he must have taken the government affidavits into account.

Section 2255 provides in part as follows:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *" Title 28 U.S.C. § 2255.

■ It is clear, of course, that a plea of guilty induced by a promise of lenient treatment is an involuntary plea and hence void. Shelton v. United States, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958), reversing, 5 Cir., 246 F.2d 571.

■ Under the holding of the United States Supreme Court in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), the affidavits filed by the United States cannot be regarded as conclusive. As was stated in Machibroda:

"This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court. The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection. * * *" Machibroda v. United States, supra at 494–495, 82 S.Ct. at 514.

A review of this record leaves us unable to say that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

Machibroda recognized that there "will always be marginal cases," and certainly this one is "near the line." Machibroda v. United States, supra at 496, 82 S.Ct. at 514.

■ The factors suggesting voluntariness of the instant pleas, cited by the government and by the District Judge, are highly persuasive. And it may well be that the hearing on remand will produce no more facts than are already before the District Judge by way of affidavit. But he will have heard witnesses testify and petitioner will have had a chance to produce substantiation for his story if he has any.

We cannot, in this case, read the colloquy at sentencing as providing a definite rebuttal to petitioner's present claims of inducement. And the specificity of the petitioner's claims as set forth in the interrogatories serves to distinguish this case from Olive v. United States, supra.

By reversing this case we do not intend automatically to provide petitioner with a trip to Memphis. As was noted in Machibroda v. United States, supra:

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim * * *. Indeed, the statute itself recognizes that there are times when the allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner. * * *" Machibroda v. United States, supra at 495, 82 S.Ct. at 514. (Footnote omitted.)

Reversed.

O'SULLIVAN, Circuit Judge (concurring).

While I join in remanding this case for a hearing on the motion to vacate sentence, I wish to make it plain that our decision here will, in my view, be of little precedential value to this or any other court. I consider that we remand *on the special factual allegations of this case* only because we are unable to say with confidence on which side of the line

of Machibroda this "marginal" case should be placed. We apply a very fine gauge to distinguish it from our decision in Olive v. United States, 327 F.2d 646 (CA 6, 1964).