**Jules R. ELIACHAR, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4155.**

District of Columbia Court of Appeals.

Argued April 10, 1967.

Decided May 10, 1967.

Melvin Hirshman, Washington, D.C., for appellant.

Geoffrey M. Alprin, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Donald E. Santarelli, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, CAYTON (Chief Judge, Retired), and QUINN (Associate Judge, Retired).

CAYTON, Judge:

Appellant was convicted of petit larceny, D.C.Code 1961, § 22–2202. He had initially requested a trial by jury but while he was present in court, his attorney waived the right and later proceeded to trial by the court. After a finding of guilt, appellant filed a *pro se* motion for a new trial on the

ground that he had not waived the right to jury trial.

At a hearing on the motion, appellant who was then represented by newly-retained counsel, testified that he knew his jury demand had been waived but that he was intimidated by his own lawyer, too frightened to protest and unable to communicate with his attorney (whom he had known for many years). The judge found that appellant "was outspoken, vociferously assertive, lengthy and adamant in his testimony" at that hearing, just as he had been at trial; also that "under those circumstances it was incredible that he was too fearful to make at least some objection," especially since appellant "admitted he had had an unfettered freedom to testify generally and at length both at the trial and at the hearing."

There is no doubt that the right to jury trial may be waived. Adams v. United States ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268 (1942). The sole question then is whether or not it is mandatory that an accused personally indicate his acquiescence in the waiver. In Hensley v. United States, D.C.Mun.App., 155 A.2d 77, 79 (1959), we said: "No decision in this jurisdiction has ever held that such waiver must be made and announced by defendant personally or that a waiver made and announced by counsel in open court in the presence of the accused is ineffectual * * *." In affirming, the United States Court of Appeals indicated that there had been a relinquishment of the right by failing to object and proceeding to trial, that the attorney was effectively the defendant's agent and that inaction will not allow one "to take his chances * * * [and] complain after receiving an unfavorable finding." 108 U.S.App.D.C. 242, 245, 281 F.2d 605, 608 (1960). The circumstances of this case do not warrant a departure from these rulings. It is not clear whether the jury waiver was made with appellant's express acquiescence or within his hearing. But it is clear from the finding of the trial court that he knew he was going to be tried by the court without a jury and that with a full opportunity to protest, did not do so.

Rule 23(a) of the Federal Rules of Criminal Procedure directs that there shall be a jury trial "unless the defendant waives jury trial in writing with the approval of the court and the consent of the government." See Singer v. United States, 380 U.S. 24, 26, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965). We think it would be a sound and wise procedure to obtain express personal waivers in situations like this. But we are satisfied that under the circumstances appearing in this record there was not a failure to protect the rights of the accused.

Affirmed.