461 P.2d 473

**STATE of Arizona, Appellee,**

v.

**Charles Lee JELKS, Appellant.**

**No. 1847.**

Supreme Court of Arizona.

In Banc.

Nov. 19, 1969.

Rehearing Denied Dec. 23, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., Leonard M. Bell, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Former Public Defender, by Anne Kappes, Deputy Public Defender, for appellant.

HAYS, Justice.

Charles Lee Jelks, defendant and appellant, was tried and convicted of robbery and sentenced to a prison term of ten to twelve years. Jelks and co-defendant were tried jointly for the crime.

The victim of the robbery, one Epifanio Guerrero, was seated in a doorway on East Jefferson Street in Phoenix on the morning of May 26, 1967, when he was approached by two men, one of whom had a knife. The two men kicked Guerrero, and took money from his billfold. After the scuffle, from which Guerrero received a cut on his left hand, the two attackers fled down the street. A Phoenix policeman, Officer Calleo, was passing in his patrol car at the time when he noticed a number of men waving to attract his attention, and he observed the defendants coming toward him followed by the victim with blood on his face and hands. Officer Calleo stopped the defendants and placed them under arrest.

At trial, Jelks and his co-defendant were represented by the office of the Public Defender Two attorneys, Mr. Thinnes and Mrs. Bailey, were designated by that office, but there is no indication that either was assigned to any particular defendant.

On appeal, defendant Jelks assigns as error (1) that his counsel's waiver of jury trial was invalid because of the absence of personal examination by the trial judge, (2) that he was denied effective assistance of counsel because he and a co-defendant were represented by the same court ap-

pointed counsel, and (3) that he was not identified as the perpetrator of the crime beyond a reasonable doubt. We reject each of defendant's assignments of error, and affirm the conviction.

As the trial commenced, defense counsel and both defendants were present in the courtroom. The jury was waived, in the presence of the defendants, in the following manner:

"THE COURT: All right. There has also been a waiver of jury in this, do I understand also?

MR. THINNES: That's correct, your Honor. I will be acting as co-counsel in this case.

THE COURT: Yes.

MR. THINNES: And both defendants indicated to both Mrs. Bailey and to me that they would waive trial by jury.

THE COURT: Defendants ready at this time?

MR. THINNES: Defendants are ready, your Honor.

THE COURT: All right. Do you want to make an opening statement?"

The trial court made no independent personal examination of either defendant concerning the waiver of jury. Defendant argues that the failure of the trial court to conduct such an examination and to advise defendant of his constitutional rights to a jury trial made the waiver invalid, as violative of his Fourteenth Amendment right of due process of law. We cannot agree.

The right to a trial by jury in criminal cases is fundamental in the American scheme of justice, and is preserved by both the Sixth and Fourteenth Amendments of the U. S. Constitution (cf. Duncan v. Louisiana, 391. U.S. 145, 88 S.Ct. 1444, 20 L. Ed.2d 491 (1968) and Article II, Sections 23 and .24 of the Arizona Constitution, A. R.S. It is well established also that the right to a jury trial may be waived, where an accused is aware of the right and voluntarily and intelligently relinquishes it. Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263 (1930);

State v. Thompson, 68 Ariz. 386, 206 P.2d 1037 (1949); State v. Anderson, 96 Ariz. 123, 392 P.2d 784 (1964). In Patton, the U. S. Supreme Court spelled out the criteria for determining the validity of such a waiver:

"* * * before any waiver (of a jury trial) can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and the intelligent consent of the defendant." 281 U.S. at 312, 50 S.Ct. at 263, 74 L.Ed. at 870.

It is commonplace that many acts which a litigant is called upon to perform during the course of a judicial proceeding are carried out in the litigant's behalf by his attorney, if he has one. In Hensley v. United States, 108 U.S.App.D.C. 242, 281 F.2d 605 (1960), the D.C. Circuit Court of Appeals wrote:

"In general, the relation of attorney and client is one of agency and the general rules of law applicable to agencies apply. Hence, the accused ordinarily speaks and acts through his attorney." 281 F.2d at 607.

When the accused is present in the court room and represented by competent counsel, he is bound by the actions and concessions of his counsel. A knowing and intelligent waiver of a jury trial can be exercised through counsel, and need not be made and announced by defendant personally. Counsel should not be relegated to the position of an unreliable mouthpiece. The trial court is entitled to rely on the professional responsibility of defense counsel so that when he notifies the court of the fact that his client wishes to waive a jury trial, such waiver was knowingly and understandingly consented to by his client.

Several recent cases in jurisdictions requiring affirmative waiver of the right to a jury trial have held that where defendant's counsel orally waived a jury trial, in defendant's presence, the defendant acquiesced to the waiver by failing to object. People v. Novotny, 41 Ill.2d 401, 244 N.E.

2d 182 (1969); State v. Lopez, 22 Utah 2d 257, 451 P.2d 772 (1969); Thompkins v. United States, 251 A.2d 636 (D.C.App. 1969); State ex rel. Derber v. Skaff, 22 Wis.2d 269, 125 N.W.2d 561 (1964); Eliachar v. United States, 229 A.2d 451 (D.C. App.1967); Hensley v. United States, supra. In California, as defendant argues, the courts have held that an accused must personally express to the court his consent to the waiver, but such rule stems from a provision of the California Constitution permitting waiver only where consent is expressed in open court by the defendant and consented to by defendant's counsel and the prosecution. Arizona has no such requirement in its constitution.

■ The trial court has the duty to see that an accused person's election to waive a jury trial is knowingly and understandingly made. Such a duty cannot be perfunctorily discharged. We are not persuaded, however, that defendant Jelks did not understand what was happening. By permitting his attorney, in his presence and without objection on his part, to waive his right to a jury trial, defendant must be held to have knowingly acquiesced in that decision.

In view of the importance of the right of a trial by jury as a fundamental right, it is doubtful that a written waiver signed only by the attorney or an oral waiver by counsel out of the defendant's presence would be sufficient waiver without something of record to show authorization or ratification by the defendant. However, the presence and silent acquiescence of the defendant in this case sufficiently demonstrated the authority of the attorney to speak for Jelks, and made the attorney's statements those of the defendant.

In holding as we do, we are mindful of the U. S. Supreme Court's decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which requires Federal judges to interrogate personally a defendant who wishes to enter a *guilty plea* to determine whether the defendant fully understands his rights and the consequences of his act. The McCarthy rule has subsequently been applied to the courts of the several states in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). We see nothing in these cases, however, to suggest that the requirement of personal interrogation by the court applies to waiver, by defense counsel, of his client's right to trial by jury. A plea of guilty is much more than a waiver of a Constitutional right; it amounts to a conviction of the offense charged. To hold, as defendant suggests, that the requirement of personal interrogation of an accused by the court applies in all cases where waiver of a fundamental Constitutional right is involved, would lead to a ludicrous result, stripping the defense counsel of his vital role at the trial proceedings. When as a matter of trial strategy defense counsel permits a statement of the defendant to be admitted in evidence, must the court prior thereto explain to the defendant the Constitutional rights which he may be waiving? We do not believe that justice is better served by sacrificing the time honored system of advocacy to the ritual of magic words.

■ Defendant's second assignment of error cites an alleged conflict of interest in that two attorneys of the Public Defender's office jointly represented both Jelks and his co-defendant at trial. Defendant does not, however, point out exactly what the alleged conflict of interest was, other than "the mere fact that two individuals were involved creates a conflict in attitude, in approach, in trial strategy." Brief for Appellant at 22.

The matter of representation of two defendants by the same Public Defender has been previously discussed by this Court in State v. Collins, 104 Ariz. 449, 454 P.2d 991 (1969), and State v. Kruchten, 101 Ariz. 186, 417 P.2d 510 (1966). We see no important factual distinction in the present case where two rather than one public defenders jointly represented the co-defendants. In both Collins and Kruchten, we cited with approval the following language

in Lugo v. United States, 350 F.2d 858 (9 Cir. 1965):

> "* * * while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest * * *, neither can we create a conflict of interest out of mere conjecture as to what might have been shown." 350 F.2d at 859.

We cannot say that a clear conflict of interest occurred in the present case. Defendant has failed to point out any conflict of interest. We hold, therefore, that defendant received the effective assistance of counsel to which he was entitled.

██ Finally, defendant argues that his identity as the perpetrator of robbery was not established at trial beyond a reasonable doubt. Both Jelks and his co-defendant are Negroes. At trial, the victim Guerrero did testify that many Negroes looked almost the same to him, but that where their facial features differed he could pick out particular persons. On direct examination of the victim, the following took place:

> "Q. Do you see in the courtroom today the two men who walked up to your front yard and beat you and took your money on Friday morning, May 26th of this year, 1967? Do you see them in the courtroom today, Mr. Guerrero?
>
> A. There they are. They can't say anything to me, because I didn't give them any motive to do what they did.
>
> Q. Would you point them out to me, please?
>
> A. Why there they are.
>
> Q. Which two?
>
> MRS. BAILEY: Your Honor, this question has been asked and answered a half-dozen times up to this point.
>
> THE COURT: Overruled.
>
> THE WITNESS: One of the two hit me, but I can't tell which one it is.
>
> Q. BY MR. MORAN: I will repeat the question. Which two gentlemen in the courtroom today, would you point them out to me, please, who beat you and took your money?
>
> A. They are over there (indicating). They are Negroes. I didn't do anything to them.
>
> MR. MORAN: Your Honor, may the record note the identification of Lorine Davis and Charles Jelks?
>
> THE COURT: The record may note the identification of the defendants."

We find nothing in the record to indicate that the trial court could not determine, beyond a reasonable doubt, that Jelks was one of the two perpetrators of the crime. The trial court's finding is supported by the evidence.

The conviction is affirmed.

UDALL, C. J., and LOCKWOOD, V. C. J., and STRUCKMEYER, J., concur.

McFARLAND, Justice (dissenting).

The appellant, Charles Lee Jelks (hereinafter called defendant), was tried and convicted of robbery, and received a sentence of from ten to twelve years. He contends that there was not a valid waiver of his right to a jury trial, in that there was not a proper examination and advice of his rights by the trial judge.

At the time the matter came on for trial the record shows the defendant was not personally questioned, nor advised of his rights by the court:

> "THE COURT: All right. There has also been a waiver of jury in this, do I understand also?
>
> "MR. THINNES: That's correct, your Honor. I will be acting as co-counsel in this case.
>
> "THE COURT: Yes.
>
> "MR. THINNES: And both defendants indicated to both Mrs. Bailey and to me that they would waive trial by jury.
>
> "THE COURT: Defendants ready at this time?
>
> "MR. THINNES: Defendants are ready, your Honor.
>
> "THE COURT: All right. Do you want to make an opening statement?"

Because of previous decisions both by the United States Supreme Court and this Court dealing with waiver of fundamental constitutional rights, I am impelled to dissent from the majority opinion.

Trial by jury is a fundamental right under the Sixth Amendment, and is guaranteed to the citizens of the several states by the Fourteenth Amendment. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. The Court set forth the test to determine if any particular right is protected against state action:

"The test for determining whether a right extended by the Fifth and Sixth Amendments with respect to federal criminal proceedings is also protected against state action by the Fourteenth Amendment has been phrased in a variety of ways in the opinions of this Court. The question has been asked whether a right is among those ' "fundamental principles of liberty and justice which lie at the base of all our civil and political institutions," ' Powell v. State of Alabama, 287 U.S. 45, 67, 53 S.Ct. 55, 63, 77 L.Ed. 158 [84 A.L.R. 527] (1932); it is 'basic in our system of jurisprudence,' In re Oliver, 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948); and whether it is 'a fundamental right, essential to a fair trial,' Gideon v. Wainwright, 372 U.S. 335, 343–344, 83 S.Ct. 792, 796, 9 L.Ed.2d 799 [93 A.L.R.2d 733] (1963); Malloy v. Hogan, 378 U.S. 1, 6, 84 S.Ct. 1489, 1492, 12 L.Ed.2d 653 (1964); Pointer v. State of Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067, 13 L.Ed.2d 923 (1965). The claim before us is that the right to trial by jury guaranteed by the Sixth Amendment meets these tests. The position of Louisiana, on the other hand, is that the Constitution imposes upon the States no duty to give a jury trial in any criminal case, regardless of the seriousness of the crime or the size of the punishment which may be imposed. Because we believe that trial by jury in criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee." 88 S.Ct. at 1447

The opinion in Duncan expressly approved of waiver of jury trial:

"The State of Louisiana urges that holding that the Fourteenth Amendment assures a right to jury trial will cast doubt on the integrity of every trial conducted without a jury. Plainly, this is not the import of our holding. Our conclusion is that in the American States, as in the federal judicial system, a general grant of jury trial for serious offenses is a fundamental right, essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants. We would not assert, however, that every criminal trial—or any particular trial—held before a judge alone is unfair or that a defendant may never be as fairly treated by a judge as he would be by a jury. Thus we hold no constitutional doubts about the practices, common in both federal and state courts of accepting waivers of jury trial and prosecuting petty crimes without extending a right to jury trial."

But, in order to have a valid waiver by a defendant, he must have a clear understanding of the fundamental constitutional rights he is waiving. There must necessarily be minimum safeguards for the courts to follow in order to determine a valid waiver of those rights. In this area of constitutional law it is axiomatic that courts will indulge every reasonable presumption *against* a waiver of a fundamental right. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; and State v. Anderson, 96 Ariz. 123, 392 P.2d 784.

McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, requires Federal judges to interrogate personally a defendant who wishes to enter a guilty plea to determine if he fully understands his rights and the consequences of his act and

to make this determination a matter of record. The Court stated:

"* * * By personally interrogating the defendant, not only will the judge be better able to ascertain the plea's voluntariness, but he also will develop a more complete record to support his determination in a subsequent post-conviction attack.

"These two purposes have their genesis in the nature of a guilty plea. A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, *his right to trial by jury*, and his right to confront his accusers. *For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.'* Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, [1466] [146 A.L.R. 357] (1938)." [Emphasis added.]

The principles enunciated in McCarthy, supra, were held to be applicable to the courts of the several states in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274:

"A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, [1012]. Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' Jackson v. Denno, 378 U.S. 368, 387, 84 S.Ct. 1774, 1786, 12 L.Ed.2d 908 [922] [1 A.L.R.3d 1205]. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, [77] we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: 'Presuming waiver from a silent record

is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'

"We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U.S. 415, 422, 85 S.Ct. 1074, 1078, 13 L.Ed.2d 934, [938].

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653. *Second is the right to trial by jury.* Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. *We cannot presume a waiver of these three important federal rights from a silent record."* [Emphasis added.]

This Court, in State v. Jennings, 104 Ariz. 3, 448 P.2d 59, in discussing the safeguards which courts must employ before accepting a plea of guilty, stated:

"The courts are careful to see that the plea of guilty is made voluntarily, after proper advice and explanation *by the court* with a full understanding of its consequences. Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Scott v. United States, 6th Cir., 349 F.2d 641, 643;

and Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91. The question, then, in the instant case, is whether defendant was properly advised of his rights by counsel *and by the court* and whether there was a proper understanding by defendant of what could happen as a result of his guilty plea.

*"In determining this we must look at the record. .\* \* \*"* [Emphasis added.]

McCarthy, Boykin and Jennings dealt with a plea of guilty where a defendant waives several fundamental rights. But minimum safeguards are not determined by the number of constitutional rights waived. Lesser standards cannot be applied to a waiver of even a single fundamental right.

The right to counsel is included in the Sixth Amendment, along with the right to trial by jury, and the courts have uniformly required that a waiver of this right cannot be presumed from a silent record. The burden is on the trial court to determine clearly, on the record, that it is entered intelligently and competently. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.[1] In Carnley v. Cochran, the Supreme Court, quoting Johnson v. Zerbst, held:

" 'It has been pointed out that "courts indulge every reasonable presumption against waiver" of fundamental constitutional rights and that we "do not presume acquiescence in the loss of fundamental rights."

\*    \*    \*    \*    \*    \*

" 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.'

"We have held the principles declared in Johnson v. Zerbst equally applicable to asserted waivers of the right to counsel in state criminal proceedings. In Rice v. Olson, [324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367] supra, the petitioner had pleaded guilty to a burglary charge. He did not claim that he had requested counsel, but alleged that he had not been advised of his right to the assistance of counsel and that he had not waived that right. In affirming the denial of relief, the State Supreme Court wrote that ' "It is not necessary that there be a formal waiver; and a waiver will ordinarily be implied where accused appears without counsel and fails to request that counsel be assigned to him, particularly where accused voluntarily pleads guilty." ' We held that even when there had been a guilty plea such an implication treated as a conclusive presumption, was 'incon-

---

1. Hensley v. United States, 108 U.S.App. D.C. 242, 281 F.2d 605, cited in the majority opinion, was decided in 1960, prior to the decisions in Boykin, McCarthy, Duncan, Carnley, supra, and Brookhart and Pointer, infra. Judge Edgerton, in a strong dissent in Hensley, seemed to have anticipated the direction of these later cases when he wrote: " \* \* \* Waiver involves 'voluntary knowing relinquishment of a right.' Green v. United States, 355 U.S. 184, 191, 78 S.Ct. 221, 226, 2 L.Ed.2d 199 [61 A.L.R.2d 1119].

"I think it an error of law to hold that if he so intended, he showed it in the way the statute requires. I think 'the accused' did not, as the statute requires, 'in open court expressly waive such trial by jury and request to be tried by the judge.' Within constitutional and statutory limits, the accused is bound by his counsel's acts. But it does not follow that the statutory term 'expressly' includes 'impliedly' and it does not follow that the statutory term 'the accused' includes someone else. \* \* \* "

·sistent with our interpretation of the scope of the Fourteenth Amendment, * * *.'

* * * * * *

·"Presuming waiver from a silent record is impermissible. The record must show, ·or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Id. at 82 S.Ct. 889–890.

To the same effect is Glasser v. United 'State, supra, where the Court held a waiver ·of counsel invalid over the government's contention that the defendant, who was an .attorney, tacitly waived his right by re-maining silent when the trial court ap-pointed Glasser's attorney to represent a ·co-defendant:

"To preserve the protection of the Bill of Rights for hard-pressed defendants, we indulge every reasonable presumption against the waiver of fundamental rights. Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177; Ohio Bell Telephone Co. v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093. Glasser never affirma-. tively waived the objection which he ini-tially advanced when the trial court sug-gested the appointment of Stewart. We are told that since Glasser was an ex-perienced attorney, he tacitly acquiesced in Stewart's appointment because he failed to renew vigorously his objection at the instant the appointment was made. The fact that Glasser is an attorney is, of course, immaterial to a consideration of his right to the protection of the Sixth Amendment. His professional experience may be a factor in determining whether he actually waived his right to the assist-ance of counsel. Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, [146 A.L.R. 357]. But it is by no means conclusive."

.The principles have been adhered to by this Court in State v. Anderson, supra,

and State v. Reagan, 103 Ariz. 287, 440 P.2d 907. In State v. Anderson, we said:

"In view of the foregoing, there is no question in our minds but that the Sixth Amendment's guarantee of right to coun-sel is carried full sweep to the states by the due process clause of the Fourteenth Amendment.

* * .* * * *

"The courts indulge every reasonable presumption against waiver of funda-mental constitutional rights, and we do not presume acquiescence in the loss of fundamental rights. Johnson v. Zerbst, supra. A waiver is ordinarily an inten-tional relinquishment or abandonment of a known right or privilege. The deter-mination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the par-ticular facts and circumstances surround-ing that case, including the background, experience and conduct of the accused. Johnson v. Zerbst, supra."

In State v. Reagan, supra, we clearly re-quired the waiver of right to counsel to be spread on the record even for a prior con-viction to be used under the recidivist statute.

"Presuming waiver of counsel from a silent record is not permissible. Burgett. v. State of Texas, [389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319] supra; Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.E.2d 70. Therefore, we cannot assume in the instant case that in the prior con-viction the defendant had the benefit of counsel or that he had validly waived his right to counsel.

* * * * * *

"Accordingly, in view of the recent United States Supreme Court decisions, we hold that, nowithstanding any deci-sions which may appear to be to the con-trary, when an allega.ion of prior con-viction of petty theft is used to enhance punishment it effectively becomes a 'se-rious offense' which requires that the record of that prior conviction show that ·defendant was represented by counsel, or

**184**

advised of his rights to counsel and waived his right to counsel, before it can be used in the subsequent prosecution."

The right of a defendant to confrontation and cross-examination of the witnesses against him is another Sixth Amendment right guaranteed to the citizens of the several states by the Fourteenth Amendment. In Brookhart v. Janis, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314, the Court applied the same safeguards to this right as had been afforded the right to counsel:

> "The question of a waiver of a federally guaranteed constitutional right is, of course, a federal question controlled by federal law. There is a presumption against the waiver of constitutional rights, see, e. g., Glasser v. United States, 315 U.S. 60, 70–71, 62 S.Ct. 457, 464–465, 86 L.Ed. 680, and for a waiver to be effective it must be clearly established that there was 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, [146 A.L.R. 357.]."

In the earlier case of Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, the Court made it plain that federal standards for the protection of the right of confrontation of witnesses applies to the states:

> "* * * Since we hold that the right of an accused to be confronted with the witnesses against him must be determined by the same standards whether the right is denied in a federal or state proceeding, it follows that use of the transcript to convict petitioner denied him a constitutional right, and that his conviction must be reversed." 85 S.Ct. at 1070.

This principle was even more forcibly set forth by former Justice Goldberg in his concurring opinion in Pointer v. Texas, supra:

> "Furthermore, I do not agree with my Brother HARLAN that once a provision of the Bill of Rights has been held applicable to the States by the Fourteenth

Amendment, it does not apply to the States in full strength. Such a view would have the Fourteenth Amendment apply to the States 'only a "watered-down, subjective version of the individual guarantees of the Bill of Rights."' Malloy v. Hogan, supra, 378 U.S., at 10–11, 84 S.Ct., at 1495. It would allow the States greater latitude than the Federal Government to abridge concededly fundamental liberties protected by the Constitution. * * *"

The facts in the instant case are different from those in the recent case of State v. Little, 104 Ariz. 479, 455 P.2d 453, in which we held the defendant validly waived his right to trial by jury. There the trial court did not rely only on counsel's statement, but satisfied itself from questions directed to the defendant personally. But, implicit in our opinion, was the requirement that the trial judge personally, and on the record, satisfy himself that the defendant intelligently and competently waived his right to a jury trial.

But, in the instant case, the record tells us nothing except the statement of counsel that defendant *"indicated"* to counsel that he wished to waive trial by jury. This is not a positive statement of a waiver. Furthermore, the record shows there were no questions or inquiry directed to the defendant personally by the court. There was only the counsel's statement that defendant had *"indicated"* to him that he wished to waive a trial by jury. This falls far short of the safeguards required by the above-cited cases, and, by those same cases, this Court is constitutionally restrained from supplying the void in the record by presumptions from a silent record. Carnley v. Cochran, supra; Boykin v. Alabama, supra; State v. Reagan, supra.

The standard safeguard, that the trial court advise the defendant personally of his right to trial by jury, and make such inquiry a matter of record, has been proposed as a *minimum* standard by the American Bar Association's Advisory Committee on the Criminal Trial, and approved by the

A.B.A. House of Delegates in August 1968. The recommendation, reasons, and authorities supporting the same are as follows:

"1.2  Waiver of trial by jury.

(a) Cases required to be tried by jury should be so tried unless jury trial is waived.

(b) The court should not accept a waiver unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.

(c) A defendant may not withdraw a voluntary and knowing waiver as a matter of right, but the court, in its discretion, may permit withdrawal prior to the commencement of the trial.

\*    \*    \*    \*    \*    \*

"Section 1.2(b)

"As with other important rights, the right to trial by jury cannot be said to have been effectively waived unless the defendant has acted voluntarily and knowingly.  E. g., Dranow v. United States, 325 F.2d 481 (8th Cir. 1963).  It is important, therefore, that sufficient procedures be provided to minimize the chances of an involuntary or unknowing waiver and to provide a basis for an accurate after-the-fact determination of the defendant's intentions.  To this end, the standard provides that:  (1) the defendant be advised of his right to jury trial; (2) that he personally waive his right; and (3) that he do so either in writing or in open court for the record.

"It may well be that a defendant who has been informed by his counsel or is otherwise aware of his right to trial by jury may intelligently waive that right without further admonishment from the court.  However, consistent with the approach which has been taken with regard to entry of a plea of guilty, the better practice is for the court to advise the defendant of his right to jury trial before accepting a waiver.  As one court has observed, ' "the serious and weighty responsibility" of determining whether [the defendant] wants to waive a constitutional right requires that he be brought before the court, advised of that right, and then permitted to make "an intelligent and competent waiver." '  Cross v. United States, [117 U.S.App.D.C. 56] 325 F. 2d 629 (D.C.Cir. 1963).  When the record or a written waiver establishes that the defendant was specifically advised that he could be tried by a jury, a subsequent attack on the waiver by the defendant is not likely to prevail.  See, e. g., Dranow v. United States, 325 F.2d 481 (8th Cir. 1963).

"As to the requirement in the standard that the defendant *personally* waive jury trial, it likewise parallels the requirement in guilty plea cases.  It is important that nothing be left to implication on such an important matter as jury trial. When the waiver is entered by counsel and the defendant stands by without expressly acquiescing, a difficult fact question may be presented for the appellate court.  See, e. g., People v. King, 30 Ill. App.2d 264, 174 N.E.2d 213 (1961). Whether to be tried by a jury is an important matter to be decided by the defendant; it is not merely a tactical decision which may be left to defense counsel.  Cf. Brookhart v. Janis, 384 U.S. 1 [86 S.Ct. 1245, 16 L.Ed.2d 314] (1966). Provisions to the effect that a defendant must waive jury trial personally or in writing are found in a number of jurisdictions; sometimes they are a part of the constitution.  Note, 19 Wyo.L.J. 26, 29 n. 25 (1964).  Of course, if the defendant is a corporation, then waiver by an authorized agent must be permitted. Compare ABA STANDARDS, PLEAS OF GUILTY § 1.1 (Approved Draft, March 1968).

"The standard would permit waiver either in writing or by oral statement in open court for the record.  The former procedure is required under Fed.R.Crim. P. 23(a) and is also necessary in some states, sometimes by virtue of a constitutional provision.  Note, 19 Wyo.L.J. 26,

29 n. 25 (1964). The federal rule is said to rest on 'the concern of society * * * to ensure a greater probability of a defendant understanding what he is doing. * * *' Pool v. United States, [9 Cir.] 344 F.2d 943, 945 (1966). Although written waiver is a commendable procedure, and a necessary one when a record of the proceedings is not maintained, the standard would permit waiver by an oral statement for the record. Such a record, which is deemed adequate when the defendant has waived trial altogether by pleading guilty, will also suffice for waiver of a jury.

"Of course, it does not follow that failure of the court to advise the defendant of his right to jury trial will always require a finding that there has not been an effective waiver of jury trial. Sometimes the sequence of events will sufficiently establish that a voluntary and knowing waiver has occurred. Illustrative is the case in which a warning was not given initially because the defendant specifically requested trial by jury, and then the defendant later withdrew his request."

The advantages of the trial judge making a waiver of a fundamental constitutional right a matter of record do not all lie with the defendant. The state authorities benefit by reducing the number of postconviction attacks together with the resulting problems which beset an appellate court when it is presented a silent record. This was set forth in McCarthy v. United States, supra:

"* * * Our holding that a defendant whose plea has been accepted in violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing de-

fendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

I do not believe the record in the instant case shows a valid waiver under the foregoing authoritites which establish safeguards for the protection of fundamental constitutional rights. Accordingly, I dissent.