507 P.2d 981

**STATE of Arizona, Appellee,**

v.

**Dennis E. WATSON, Appellant.**

**No. 1 CA–CR 480.**

Court of Appeals of Arizona,
Division 1,
Department B.
March 27, 1973.

Rehearing Denied April 27, 1973.

Review Denied May 29, 1973.

---

and Fourteenth Amendments to the United States Constitution.

The defendant, Dennis E. Watson, was convicted of illegal possession of a dangerous drug for sale, A.R.S. § 32–1970 (1971), and placed on probation for three years.

The defendant contends that he was entitled to a jury trial, and that although the record shows that this right was waived, the record does not clearly reflect that the defendant validly waived his right to a jury trial, and, therefore, his conviction and sentence are constitutionally infirm, citing Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and State v. Jelks, 105 Ariz. 175, 461 P.2d 473 (1969), cert. denied, 398 U.S. 966, 90 S.Ct. 2179, 26 L.Ed.2d 549 (1970).

The record reveals the following minute entry for August 31, 1971:

"Let the record show on stipulation of parties trial by jury is waived and the matter is submitted to the court for determination on the transcript of the preliminary hearing.

"IT IS ORDERED taking this matter under advisement."

Thereafter, on September 8, 1971, the transcript of record shows the following transpired:

"The record may show the presence of the County Attorney, presence of the defendant with his counsel, Mr. Bernie Dougherty, representing Richard Remender, from the Public Defender's Office.

"Both parties having waived right to trial by jury and having submitted this matter on the Court's transcript, the Court having read the transcript, the Court finds the defendant is guilty of Possession of a Dangerous Drug for Sale in the manner and form as charged in the Information."

The defendant contends that this record does not clearly reflect a knowing and voluntary waiver of his constitutional right to a jury trial.[1] We do not agree.

Gary K. Nelson, Atty. Gen., by Peter Van Orman, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

JACOBSON, Chief Judge, Division 1.

This criminal appeal presents for consideration an alleged denial of the defendant's right to a jury trial under both the Sixth

1. The transcript of the sentencing hearing, absent a clerical error of the court reporter, indicates that no objection by either the defendant or his attorney was made to the trial court's statement that "[y]ou [the defendant] have been found guilty of this charge by a jury."

Although the minute entry of August 31, 1971, is not sufficient to constitute a valid waiver of a jury trial, since there is no showing that the defendant was present at that proceeding, State v. Ritchey, 107 Ariz. 552, 490 P.2d 558 (1971), the September 8, 1971, bench trial was conducted in the presence of the defendant who was assisted by counsel. The defendant had an opportunity at the bench trial to object to the absence of a jury, but both he and his attorney failed to object. The obvious inference is that the defendant concurred in his counsel's waiver of a jury trial, and "by permitting his attorney, in his presence and without objection on his part, to waive his right to a jury trial, defendant must be held to have knowingly acquiesced in that decision." State v. Jelks, *supra*, 105 Ariz. at 178, 461 P.2d at 476.

The "[p]resence and silent acquiescence of the defendant in this case sufficiently demonstrated the authority of the attorney to speak for [Watson] and made the attorney's statements those of the defendant." State v. Jelks, *supra*, at 178, 461 P.2d at 476. State v. Olivera, 53 Haw. 551, 497 P.2d 1360 (1972).

The Arizona Supreme Court succinctly summarized the applicable principle of law as follows:

"When the accused is present in the court room and represented by competent counsel, he is bound by the actions and concessions of his counsel. A knowing and intelligent waiver of a jury trial can be exercised through counsel, and need not be made and announced by defendant personally." State v. Jelks, *supra*, 105 Ariz. at 177, 461 P.2d at 475.

This court has followed this principle in other decisions which are dispositive of this appeal. State v. White, 13 Ariz.App. 265, 475 P.2d 750 (1970); State v. McPherson, 12 Ariz.App. 281, 469 P.2d 847 (1970).

The defendant suggests that the trial court should have apprised him of his right to a jury trial and should have personally interrogated him as to the rights he was waiving. This suggestion was rejected in Jelks, *supra*:

"We see nothing in [McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] . . . to suggest that the requirement of personal interrogation by the court applies to waiver, by defense counsel, of his client's right to trial by jury . . . .. To hold, as defendant suggests, that the requirement of personal interrogation of an accused by the court applies in all cases where waiver of a fundamental Constitutional right is involved, would lead to a ludicrous result, stripping the defense counsel of his vital role at the trial proceedings." State v. Jelks, *supra*, 105 Ariz. at 178, 461 P.2d at 476.

For the foregoing reasons, the judgment of conviction and sentence are affirmed.

EUBANK, P. J., and HAIRE, J., concur.