DR. FRANK C. SMITH ET UX *v.* UNION NATIONAL BANK OF LITTLE ROCK

5-4093                                                   410 S. W. 2d 599

Opinion delivered January 23, 1967

*Fred A. Newth Jr.,* for appellant.

*W. P. Hamilton Jr.* of *Chowning, Mitchell, Hamilton & Burrow,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal is a sequel to an earlier one. In 1962 the appellants, Dr. Smith and his wife, conveyed property to the appellee bank upon an irrevocable trust under which the income was to be paid to the Smiths for life and thereafter to other bene-cancellation of the trust on the ground that it was voidable for want of mental capacity on their part. The trial court set the trust aside, but that ruling was reversed on appeal. *Union Nat'l Bank* v. *Smith*, 240 Ark. 354, 400 S. W. 2d 652 (1966).

Thereafter the bank as trustee filed the present petition, asking the chancery court to fix a fee, to be paid from the trust property, for the services of its attorneys in defending the validity of the trust. The chancellor ficiaries. Two years later the Smiths brought a suit for they wanted to file a petition to make the bank's petition more definite and certain and that Mr. Hardin, the Smiths' original attorney, had engaged Mr. Newth as co-counsel only a few days earlier. The chancellor denied the request for a continuance.

We find no abuse of the court's conceded discretion in the matter. We do not see how a petition for the determination and allowance of an attorney's fee could be made much more definite or certain. That was apparently the view of the appellants' lawyers, for they filed a response resisting the petition on its merits. The trus-granted the relief sought, allowing a fee of $3,500. The appellants urge three unrelated points for a reversal of the decree.

First, it is contended that on the day of trial the appellants were entitled to a continuance. Their counsel had filed a response to the trustee's petition, contesting the liability of the trust estate for the requested fee and affirmatively seeking an increase in the trust income payments to the Smiths. The case was set for trial on May 13, 1966. On that day the trustee appeared with its witnesses, ready for trial. The Smiths' attorneys made an oral motion for a continuance, saying that

tee came to court with its witnesses, prepared for trial. The court was ready to hear the case. The reasons underlying the request for a delay not only were insubstantial but also were of such a nature that they might with diligence have been asserted before the day of trial. The chancellor acted well within the limits of his discretion in proceeding with the hearing.

Secondly, the appellants suggest that the trial court was without jurisdiction for the reason that the mandate of this court, reversing the original decree, had not been filed when the present petition was heard. The mandate, however, is merely evidence of the trial court's reacquisition of jurisdiction, and the filing of that evidence may be waived. *Bertig Bros.* v. *Independent Gin Co.,* 147 Ark. 581, 228 S. W. 392 (1921). In the case at bar the chancellor observed at the outset of the hearing that the mandate had not been filed. Neither side expressed any objection to going ahead with the trial in the face of that deficiency. Had there been any protest about the absence of the mandate the irregularity could have been quickly corrected by a routine application to the clerk of this court. It is not our practice to reverse the action of the trial court when a party fails to object to a procedural defect that could have been readily supplied had the point been raised seasonably. *Degen* v. *Acme Brick Co.,* 228 Ark. 1054, 312 S. W. 2d 194 (1958). We hold that the filing of the mandate was waived.

Thirdly, the appellants maintain that the trustee's attorneys lost their right to be paid from the trust estate by failing to request their fee when the case was in this court upon the first appeal. Not so. When a party's attorney's fee is to be paid by his adversary, as in a divorce case or an action against an insurance company, we customarily fix the fee for services in this court. We are familiar with the legal services rendered on appeal and are in a better position than the trial court to fix a fair fee.

That is not the situation here. The trustee seeks to

824

pay its own attorney, not that of its adversary. It might have paid its counsel merely upon the submission of their bill for services. Instead, to give the beneficiaries an opportunity to be heard, the trustee chose the alternative course of asking the chancellor to determine the allowance. Evidence was heard—a procedure not available when the request is addressed to us. The beneficiaries were afforded their day in court. We find no want of jurisdiction in the trial court to handle the matter in a manner manifestly fair to all concerned.

Affirmed.