ARKANSAS STATE HIGHWAY COMMISSION *v.*
LAVONNE WEST NEWTON ET AL

5-6127                                                        489 S.W. 2d 804

Opinion Delivered February 5, 1973

*Thomas B. Keys, Kenneth R. Brock* and *Regina
W. Johns,* for appellant.

*J. D. Patterson, Roger V. Logan, Jr.* and *W. Wade
Berryhill,* for appellees.

GEORGE ROSE SMITH, Justice. This is an appeal from
a $15,000 verdict and judgment in a condemnation suit.
The only argument for reversal is that the trial court
should have sustained the condemnor's motion to strike
the testimony of the landowners' expert witness with
respect to the value of the land after the taking, because,
in the language of the objection, he gave "no fair
and reasonable basis" for his figures.

In our opinion the witness unquestionably gave a
fair and reasonable basis for his opinion. He had been
engaged in the real estate business in the county for 26
years, was familiar with the property, and explained the
basis for his conclusions. In this court the appellant
challenges the witness's opinion because (a) he thought
the entire tract, of which .66 of an acre was taken,
comprised 8.08 acres instead of 9.5 acres, and (b) he
had observed the change in grade resulting from the

904

new construction, but he was not able to say exactly what change was called for by the condemnor's plans for the improvement.

The actual objection, that the witness had given no fair and reasonable basis for his valuation, did not bring to the trial court's attention either of the deficiencies now being urged. Had the omissions been pinpointed, the witness could have been examined further in the light of the true facts, which were readily available. It is not our practice to reverse the action of the trial court when the error could have been easily remedied upon a proper objection. *Smith* v. *Union Nat. Bank of Little Rock*, 241 Ark. 821, 410 S.W. 2d 599 (1967).