CALHOUN COUNTY, Arkansas *v.* Hugh TAYLOR et al

73-235                                    505 S.W. 2d 753

Opinion delivered March 4, 1974

*Beryl F. Anthony Jr.,* for appellant.

*Shackleford & Shackleford,* for appellees.

CARLETON HARRIS, Chief Justice. On October 27, 1971, the Calhoun County Court entered an order condemning certain lands for purposes of widening Highway No. 274 between Hampton and Tinsman. The two tracts involved are owned respectively by Hugh and Lillian Taylor, and Alma

Gardner. A claim was filed with the County court by the Taylors in the amount of $6,000.00 and said claim was disallowed. Mrs. Gardner filed a claim for $6,500.00, and it, too, was disallowed. On appeal to the Circuit Court, the jury returned a verdict for the Taylor property[2] in the amount of $4,750.00 and rendered a verdict for Mrs. Gardner in the amount of $5,000.00, plus $480.00 for a temporary construction easement rental. Judgment was entered for these amounts respectively, and from such judgments, appellant, Calhoun County, brings this appeal. For reversal, it is simply asserted that there was no substantial evidence to support the verdicts.

Mrs. Taylor and Mrs. Gardner each testified that she was not familiar with property values, and neither endeavored to give a market value of her respective property. Two expert witnesses, Sam Crawford, a licensed realtor and broker of El Dorado, and Cecil Nutt, a land appraiser of Calhoun County, testified on behalf of appellees.[3] Crawford, after explaining how he reached his conclusions, gave the figure of $8,105.00 as the value of the Taylor tract before taking, and the figure of $4,623.00 as the value of the tract after taking, or a total damage of $3,482.00. As to the Gardner tract, he considered before taking value to be $18,383.00 and the after taking value as $13,806.00, or total damage of $4,-577.00. Nutt testified that the before taking value of the Taylor tract was $8,800.00, the after taking value $3,920.00, or damage in the amount of $4,880.00. He listed before taking value of the Gardner property as $18,771.00, the after taking value as $13,267.00, thus reaching the figure of $5,504.00 for damages.

The amounts awarded being greater than the appraisal of Crawford, appellant asserts that the jury had to rely on

[1]The testimony conflicted as to the amount of land actually taken, varying on the Taylor property from .12 acre out of a 2.25 acre tract (appellants' testimony) to .41 acre (according to witnesses for appellee). As to the Gardner property, there was a variance from .77 acre out of a 23.81 acre tract (appellants' witness) to 1.75 acres (according to witnesses for appellee).

[2]Hugh Taylor died during the time that the appeal from County Court was pending in the Circuit Court.

[3]Marvin Russell, an employee of the Arkansas Public Service Commission, testified as to values on behalf of appellant, and James Williamson, a resident engineer for the Arkansas Highway Department, testified relative to the amount of property taken.

Mr. Nutt's testimony and it is alleged that the last does not constitute substantial evidence since, in reaching his conclusions, Nutt did not apply any depreciation in determining the values of the Taylor and Gardner homes and other buildings; rather, he based his before and after taking values on the cost of building similar houses at 1971 prices, even though the Taylor house was 24 years old and the Gardner house 15 years old, at the time of the taking. It is appellant's contention that the failure to include depreciation costs in his appraisals is fatal to conclusions reached, and does not constitute substantial evidence, thus necessitating a reversal.

Under our cases, we are unable to consider this contention, because of the failure to note proper objections. No objection was made to Nutt's testimony, nor was there any motion to strike his values because of the manner in which he had reached his conclusions; nor was there any request for a judgment *non obstante veredicto*, nor a motion for new trial.

In *Montgomery County* v. *Cearley*, 192 Ark. 868, 95 S.W. 2d 554, the argument was made by appellant that the evidence was not legally sufficient to support the verdict.

We disagreed, stating:

"It is insisted also that the testimony of the appellees and their witnesses as to the acreage actually taken in the construction and widening of the highway is demonstrably false, and we are asked to take judicial notice of the accuracy of certain calculations submitted by counsel for appellant. On this proposition all that need be said is that plats were introduced in evidence, appellees and their witnesses testified regarding the acreage actually taken, and appellant did not see fit on the trial of the case to dispute this testimony. The estimates made by the witnesses may have been inaccurate, but it was certainly appellant's duty to disclose this at the trial of the case. It is too late to bring this first into question on appeal. Likewise, as to the evidence complained of and the instructions given by the court, on the trial no objection was made or exceptions saved to any of these questions. These observations dispose of all the questions presented except the sufficiency of the

testimony. It requires the citation of no authority to support this view, for it is a rule well settled by the text writers and decisions of the courts of almost universal application, that questions, of whatever nature, not raised and properly preserved for review in the trial court, cannot be considered on appeal."

In *Arkansas State Highway Commission* v. *Newton, et al*, 253 Ark. 903, 489 S.W. 2d 804, a similar contention was made and this court stated:

"The actual objection, that the witness had given no fair and reasonable basis for his valuation, did not bring to the trial court's attention either of the deficiencies now being urged. Had the omissions been pinpointed, the witness could have been examined further in the light of the true facts, which were readily available. It is not our practice to reverse the action of the trial court when the error could have been easily remedied upon a proper objection."

Numerous cases hold likewise.

Affirmed.