Johnny KING Jr. *v.* STATE of Arkansas

CR 75-10                              522 S.W. 2d 842

Opinion delivered May 27, 1975

*Kenneth C. Coffelt*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Alston Jennings, Jr.*, Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. This is a very peculiar case. Appellant's conviction of burglary in the circuit court of Pulaski county was affirmed in this court on June 17, 1974. *King v. State*, 256 Ark. 778, 510 S.W. 2d 876. On December 2, 1974, this court considered his petition to recall the mandate and to proceed under Criminal ProcedureRule 1. Our order denying the petition stated that it was "denied without prejudice to petitioner's right to proceed under Criminal Procedure Rule 1 when he is in custody." Although granting permission to one who was not in custody at the time to proceed on a Criminal Procedure Rule 1 petition was unprecedented, the order was construed by others to grant the permission, and we cannot quarrel with that construction. On the very next day, appellant petitioned the circuit court for relief under Criminal Procedure Rule 1. In this petition, he asked that the judgment of conviction be vacated because the deputy prosecuting attorney who represented the state at King's trial had learned from the police officer who had testified for the state, while the jury was deliberating, that the officer in charge of the central security burglar alarm system had heard two voices when a burglar alarm went off at the burglarized premises; that the deputy prosecuting attorney had immediately informed the circuit judge presiding over the trial, but that the judge stated that it was too late to do anything about it. The materiality of this evidence is its relationship to appellant's trial testimony that he was forced at gun point by an unidentified individual to break into the building. The state's evidence had shown that the police had gone to the burglarized premises in response to the alarm system and found appellant in the building lying on the floor. See *King v. State*, supra.

On December 9, 1974, Lowber Hendricks was elected special judge of the Fourth Division of the Circuit Court of Pulaski County, over which Circuit Judge Richard B. Adkisson regularly presides. This was the division in which appellant's petition had been filed. The petition was heard by Judge Hendricks on December 11, 1974. No record of the proceedings was kept and no one has undertaken to supple-

ment the record as to what was said and done at that hearing, so we must consider the recitals of the order of Judge Hendricks on the petition to be correct. By that order, he granted appellant a new trial.

The order recites that Jim Hamilton, the deputy prosecuting attorney who represented the state at the trial, advised the court that information that two voices were heard on the burglar alarm system was relayed to him by one of the investigating police officers while the jury was deliberating; he reported this matter to Bill Satterfield who was representing the appellant at the trial; the matter was reported to Circuit Judge Richard B. Adkisson, who was then presiding; no action was taken by the trial judge and Satterfield failed to make any record on the matter; when the jury returned a verdict of guilty, King discharged Satterfield.

The order also recites that thereafter appellant's present attorney was employed to perfect an appeal, but had no knowledge of what had taken place with reference to the matters related by the deputy prosecuting attorney. The order also recites:

> . . . Today Mr. Jim Hamilton has very honestly and candidly advised the Court that in his opinion this matter should have been made a part of the record by Mr. Satterfield and he feels that the jury should have had the opportunity to consider this evidence together with all the other evidence presented in the case. In response to a direct question posed to Mr. Hamilton by the Court, viz, "Do you feel that the defendant received a fair and impartial trial by Jury?" Mr. Hamilton again in all candor answered that he does not think that the defendant did receive a fair trial due to the fact that they were not permitted to deliberate on this excluded evidence and stated that it was probably the only case he has tried in which he feels the defendant did not receive a fair and impartial trial by jury.

> . . . While the Court readily recognizes that the revelation that two voices were heard on the audio system does not clear the defendant of suspicion [of] guilt, it is

evidence which should have been considered in view of the allegation of the defendant to the effect that he was forced by a second person at gunpoint to break into the building and lie down on the floor with his hands behind his head, the position, incidentally, in which he was found by the police. In view of this circumstance and in view of the opinion of the State's trial counsel, Deputy Prosecuting Attorney Jim Hamilton, it is by the Court considered that the defendant, Johnny King, Jr., did not receive a fair and impartial trial by jury and that his petition should be and the same is hereby granted.

The Court's order recited that the new trial was granted on "recommendation of State," set aside the judgment of conviction, fixed bail at $1,000 and set the case for jury trial on January 23, 1975.

The prosecuting attorney filed a motion to vacate this order on January 20, 1975, which the court set for hearing on February 3, 1975, ordering the jury trial to be delayed. This motion was overruled on January 21, 1975. On January 23, 1975, the state filed an amended motion to vacate the order setting aside the conviction, alleging that the matter was not a pending case in the circuit court when Judge Hendricks was elected because the order of this court granting King permission to proceed was not filed in the circuit court until December 10, 1974, relying on *State* v. *George*, 250 Ark. 968, 470 S.W. 2d 593 and *State* v. *Stevenson*, 89 Ark. 31, 116 S.W. 202.

Judge Adkisson heard the state's motion and granted it, set aside the order granted by Judge Hendricks and ordered King recommitted without prejudice to his right to proceed under Criminal Procedure Rule 1 before this court. This order erroneously states that the date of this court's action was December 10. This court's order filed in the circuit court clearly reveals that the action was taken by this court on December 2. Perhaps the error in this respect is due to the fact that the clerk of this court certified the copy of our order filed in the circuit court on December 10.

The order entered by Judge Adkisson is based upon the

holding that this court had not on December 2 granted permission to King to proceed so that the case was not a pending case before Judge Hendricks because the order from this court was not received before his election as special judge.

We disagree with the holding of Judge Adkisson, albeit reluctantly, that our order of December 2 did not give King permission to proceed on his petition in the circuit court. No one contends that he was not in custody at the time. In spite of the fact that it is not the practice of this court to grant conditional permission to one not in custody to proceed, we must say that our order must be so read. The circuit court was not without jurisdiction to proceed in this matter at any time after appellant's petition was filed in that court. It is our order, not the certified copy thereof, which confers jurisdiction on the trial court and the copy is merely evidence of that jurisdiction, much as a mandate from this court is evidence of the trial court's reacquisition after an appeal has been decided. See *Smith* v. *Union National Bank*, 241 Ark. 821, 410 S.W. 2d 599; *Bertig Bros.* v. *Independent Gin Co.*, 147 Ark. 581, 228 S.W. 392.

Although it is the better procedure before a hearing is held, for a trial judge to make certain that permission to proceed has been granted by this court in Criminal Procedure Rule 1 case when there has been an appeal to this court, the filing of our order, as evidence of the granting of that permission may be waived. This is the case where the filing of a mandate after appeal is involved. See cases above cited. The defect, just as in *Smith*, was a procedural one, which may be waived by failure to object. The waiver does not confer jurisdiction by consent, but as in *Bertig*, it is a waiver of the formal evidence of jurisdiction.

The jurisdiction of the Circuit Court of Pulaski County was conferred by our grant of permission, and the certified copy of our order furnished the evidence of the requisite jurisdictional fact. Under the circumstances here, we must say that the case was a pending case when Judge Hendricks was elected and that the appearance and participation of the deputy prosecuting attorney in the hearing before Judge Hendricks, without making any objection, did constitute a

waiver of the filing of the copy of the order of this court. The first objection on this ground comes in the State's amendment to its motion to vacate Judge Hendricks' order. This was filed January 23, 1975. This was too late.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.