B. E. MILLER *v.* Gary SCROGGINS,
d/b/a GREENBRIER GROCERY

76-142                                    543 S.W. 2d 476

Opinion delivered November 22, 1976
(In Banc)

*Guy H. Jones, Phil Stratton, Guy Jones Jr.,* and *Casey Jones,* for appellant.

*Francis T. Donovan,* for appellee.

FRANK HOLT, Justice. A jury awarded the appellee $1,051.04 together with costs in his action against appellant on an open account. The trial court taxed as costs the compensation of eighteen jurors who were sworn for the trial of the

cause and paid $7.50 each for their services. The only issue on appeal is whether the trial court exceeded its authority in taxing jurors' fees as costs. Appellant argues there is no authority, statutory or otherwise, for the imposition of these costs. Appellee, however, cites as authority Ark. Stat. Ann. § 39-302 (Repl. 1962). The first sentence and only pertinent part reads:

> Jurors' compensation shall be taxed as cost and paid by the unsuccessful party.

Appellee's reliance on this statute is misplaced.

Obviously, this sentence of the annotated act is derived from the concluding provision of Act 89 of 1911, § 1, which provides:

> Section 1. Hereafter jurors shall receive compensation as follows: Each grand or petit juror in the circuit court per day, three ($3.00) dollars; each juror attending a view, inquest or on the execution of a writ ad quad damnum per day, one ($1.00) dollar; each juror in a justice court, for each day's service, or fractional part thereof, whether rendering a verdict or not, fifty (50¢) cents; each juror in either the county or the probate court, for each day's service in either court, one ($1.00) dollar to be taxed as cost and paid by the unsuccessful party.

Appellee argues that the concluding words "to be taxed as cost and paid for by the unsuccessful party" modify each of the preceding sentences since they are separated by semicolons. In other words the modification is not limited to the concluding portion or sentence which relates only to county or probate courts. We cannot agree with appellee's interpretation of the Act.

Further, a study of the historical background of Act 89 of 1911 clearly shows that the legislative intent is to restrict the imposition of jurors' fees as costs to the county and probate courts. Gantt's Digest, § 2015 (1874); Act 185 of 1875, § 38; Act 121 of 1885; Kirby's Digest, § 3519 (1904). These preceding acts provide in a separate and distinct sentence or section compensation (by the county court) for petit jurors in

circuit court. Significantly, there was never a provision that the jurors' fees be taxes there as costs. To the contrary, in a separate and distinct sentence or provision compensation for jurors' services in "either county or probate courts [is] to be taxed as other costs and paid by the unsuccessful party." Act 291 of 1905, § 1, which amended Kirby's Digest, § 3519, consolidated the provisions for compensation for jurors in the various forums, which included the circuit, county and probate courts. There, again, compensation for jurors in each forum is provided for in a separate and distinct sentence. The only authority for taxing jurors' services as costs is in the provision relating to county or probate court where the cost is "paid by the unsuccessful party." Act 314 of 1909, § 1, increased the compensation of jurors. In doing so semicolons were used there for the first time rather than separate and distinct sentences or sections with respect to the separate forums. Again the only provision for the tax to be paid as costs by the unsuccessful party was in the county or probate court whenever a jury was used. Act 89 of 1911 (Ark. Stat. Ann. § 39-302) amended § 5, which is not pertinent here. However, § 1 of the 1911 Act reenacted verbatim § 1 of the 1909 Act relating to the provisions for jurors' compensation.

Consequently, it is manifest from the legislative history that no statutory authority exists for jurors' services to be taxed as court costs against the appellant in the case at bar. See *Independence County* v. *Dunkin, et al,* 40 Ark. 329 (1883). Further, there is a sound basis for taxing the cost against the unsuccessful party in county or probate proceedings since it is most infrequent that jurors' services are ever utilized there.

The appellee insists, however, that if no statutory authority exists then a rule of the local circuit court provides that the costs of a jury are to be assessed against the losing party whenever a jury is requested in a controversy when the amount involved is less than $2,500 in value. The rules are not abstracted and neither do we find them on file, as is required, with the clerk of this court. Therefore, we do not consider the local rule. Rule 12 of Uniform Rules for Circuit and Chancery Courts, Ark. Stat. Ann. Vol. 3A (Supp. 1975); *Washington National Insurance Co.* v. *Meeks,* 249 Ark. 73, 458 S.W. 2d 135 (1970). See also *St. L., I.M. & S. Ry.* v. *Williams,* 49 Ark. 492, 5 S.W. 883 (1887). Ark. Constitution (1874),

Art. 7, § 13.

Judgment for jurors' fees as costs is reversed.

Reversed.