Earl T. BUSSEY et al *v.* BANK OF MALVERN

CA 80-139                                        603 S.W. 2d 426
Court of Appeals of Arkansas
Opinion delivered August 27, 1980

*James C. Cole* and *Glover, Glover & Walthall*, for appellants.

*Hall, Tucker, Lovell, Alsobrook & Moudy*, for appellee.

STEELE HAYS, Judge. This case began as an action by the appellee, Bank of Malvern, against the appellants, William A. Wingo and Frances Wingo, William E. Fenter and Louise Fenter and Earl T. Bussey, on a promissory note seeking judgment in the amount of $77,532.50 plus interest. By their answer to the complaint, the appellants admitted that they had signed the promissory note but denied liability under the note on the grounds of failure of consideration and misrepresentations perpetrated upon them by an officer of the bank.

Appellants requested a jury trial. A jury was impanelled, and the case proceeded to trial on October 16, 1979. At the close of all the evidence, the plaintiff bank moved for a directed verdict which the trial court denied. The defendants then moved for a directed verdict and the trial court proceeded to announce that both parties having moved for a directed verdict, he was taking the case from the jury and finding in favor of appellee bank. Appellants filed a motion for judgment N.O.V. and a motion for a new trial, both of which were denied and judgment in the amount of $103,105.44 was entered in favor of appellee. Appellants seek reversal on a number of points of error, and argue initially that the court erred in taking the case from the jury.

Prior to July 1, 1979, the rule in Arkansas was that where both parties moved for a directed verdict and no other instructions were requested by either party, the parties were regarded as having agreed that the issues could be decided by the court rather than the jury. *American Colonial Insurance Company* v. *Mabrey Company*, 245 Ark. 288, 432 S.W. 2d 15 (1968):

> Of course, it is well settled that when each litigant asks for an instructed verdict, and no other instructions are requested by either side, they, in effect, agree that the issue may be decided by the court.

There can be no question but that the trial court was

proceeding with this rule in mind when it acted to decide the case on its own, as the record makes it clear that while the court and counsel were in chambers, just prior to announcing its judgment in behalf of the appellee with the reasons for its decision, the court stated:

> The Court, in its discretion, takes the case away from the jury, both parties having moved for a directed verdict at the close of all the evidence.

The Rules of Civil Procedures of Arkansas became effective July 1, 1979. Rule 50 (a) expressly abolishes the rule recited in *American Colonial Insurance Company*, supra:

### Rule 50.

### MOTION FOR DIRECTED VERDICT AND FOR JUDGMENT NOTWITHSTANDING VERDICT

(a) Motion for Directed Verdict; When Made; Effect. A party may move for a directed verdict at the close of the evidence offered by an opponent and may offer evidence in the event that the motion is not granted, without having reserved the right to do so and to the extent as if the motion had not been made. A party may also move for a directed verdict at the close of all of the evidence. *A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.* (Emphasis supplied.)

Note 2 of the report notes to Rule 50 (a) states that the rule of *American Colonial Insurance Company* is abolished by the enactment of Rule 50 (a).

Furthermore, even under the old rule it was necessary that both motions be before the court at the same time, not just in sequence, in order for the rule to apply and, therefore, the error was manifold. In *Aetna Insurance Company, Inc.* v. *Warren, Admx.*, 231 Ark. 405, 329 S.W. 2d 536 (1959), the Supreme Court of Arkansas, speaking through Mr. Justice Ward, examined the rule in some depth and recognized that

the rationale supporting the rule was lacking where the motion for a directed verdict by one side had been denied at the time the other party moved for a directed verdict. The opinion states:

> Moreover, a careful analysis of the cases cited above shows that the above mentioned rule is founded on the nature of an agreement between the parties themselves that the trial court shall sit as a jury and try issues of fact. It would seem necessary, therefore, that the trial court should have both requests for an instructed verdict before it at the same time. In this case, of course, appellant's request had already been denied and disposed of by the trial court before appellee's motion was made. It is not unusual, we think, for a defendant to request an instructed verdict at the close of the plaintiff's testimony. After doing so, such defendant would have the choice of putting on its own testimony or to rest its case and go to the jury on the testimony developed by the plaintiff. It would seem only fair that the appellant should have this choice in the case under consideration. Therefore, if any question of fact which raises a jury question is presented in the case under consideration appellant should not be denied to have such question presented to the jury.

Thus, the error in taking this case from the jury is conspicuous whether examined under the law either before the effective date of the Rules of Civil Procedure or after. Clearly appellants were deprived of a right guaranteed to them in the Constitution of the State of Arkansas.

The appellee does not dispute the error with respect to Rule 50 (a), arguing rather that appellants waived presentation of the case to the jury, citing *Zaks* v. *Eliott*, 106 F. 2d 425 (1939). The record does reflect that in a rather lengthy dialogue between the court and the attorneys, counsel for appellants appeared to speak of waiving all further submission of the case to the jury, but a careful reading of the portion of the record in its entirety makes it clear that the parties were discussing the mechanics of formalizing a judgment the court had *already* announced and counsel's "waiver" related

to procedure respecting the judgment and *not* to a waiver of trial by jury as contemplated by Rule 39 (a).

Nor does the decision in *Zaks* v. *Eliott,* supra, provide support for appellee's argument. In *Zaks,* plaintiff bank brought an action against the defendant to recover the balance on two promissory notes. At the close of all the evidence, the defendant moved for a directed verdict. The court dismissed the jury on the grounds that there was no question for it to decide. The judge subsequently heard argument on appellant's motion for a directed verdict and afterwards found for the plaintiff bank and entered judgment to that effect. The opinion itself supplies its own distinguishing aspects from the case before us:

> [1-3] In an opinion subsequently filed, the court found both the facts and the law and stated that the case had been withdrawn from the jury under Rule 50 (b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That rule permits the trial court to reserve its decision on a motion for a directed verdict until after the jury has returned its verdict, but does not authorize withdrawing the case from the jury when both parties move for a directed verdict. *There was, however, no material error in the instant case for both parties not only consented to the court's action, but were anxious to have the case decided as a question of law by court. The case may properly be treated as one in which the parties agreed at the outset not to have a jury.* (Emphasis added.)

By analogy, appellee argues that appellant waived his right to jury trial by not objecting to the court's erroneous procedure and specifically calling to the court's attention the changes made by Rule 50. Appellee cites three cases for the rule that where a party does not object to a procedural defect or an erroneous ruling so that the trial judge has the opportunity to cure his mistake, it will not be reviewed on appeal. *Smith* v. *Union National Bank,* 241 Ark. 821, 410 S.W. 2d 599 (1967); *Arkansas State Highway Commission* v. *Newton,* 253 Ark. 903, 489 S.W. 2d 804 (1973); *Turkey Express, Inc.* v. *Skelton Motor Company,* 246 Ark. 739, 439 S.W. 2d 923 (1969). Appellants counter this argument by stating that the denial

of a trial by jury is a substantive defect, and not procedural. Appellants also cite *DeGioia* v. *United States Line Company*, 304 F. 2d 421 (1962), for the rule that subsequent conduct of a party did not waive trial by jury- for which he had made a proper demand where there was no stipulation consenting to trial by the court as required by Rule 39 (a). In this case, Sergio DeGioia was injured while unloading a sea vessel. Alleging that his injuries were caused by the negligence of the shipowner, he brought an action against the ship's owner, United States Line Company. In turn, United States Line Company, impleaded DeGioia's employer, American Stevedores, Inc. and Imparato Stevedoring Corp., a firm responsible for loading the vessel. United States Line Company asserted that if it were held liable to plaintiff, it was entitled to indemnification from the stevedoring firms. Both actions were tried to the jury. Verdicts were returned for DeGioia and for United States Line Company on the third party complaint. On the appeal by the stevedoring companies, the United States Court of Appeals affirmed. The pertinent proceedings are set out below:

> [6-8] Both American Stevedores and Imparato argue that the trial judge erred in the manner in which he submitted the third-party complaint to the jury. Their contentions, however, are very different. American Stevedores asserts that it was improperly denied trial by jury, while Imparato claims that it was forced improperly to trial to a jury. Each of these contrary claims derives a slight measure of plausibility from the uncertain course followed by the trial judge, but we find no definite prejudice resulting to either party. The judge early determined that he would try the issue of indemnity separately from DeGioia's original claim; and he told the parties that he would accept an advisory verdict on that issue, since a jury trial was not required. So after the jury had found liability to DeGioia by the United States Lines Company the trial of the indemnity issue proceeded before the jury. Only after the verdict against the stevedores was rendered did the court indicate to the jury that the verdict would be considered advisory. Subsequently it was discovered that American Stevedores had endorsed a claim for jury trial on its

answer, as provided in F.R. 38 (b). The court then reversed its position and accepted the jury's determination as binding.

In his last ruling the judge was quite clearly correct. American Stevedores had never withdrawn its claim for jury trial and was therefore entitled to such trial. F.R. 38 (d), 39 (a).[1] That is what it got. Its present contention that it was denied jury trial is quite specious.

[1] The principle of waiver by failure to make timely claim, F.R. 38 (d), is limited by the explicit provision of F.R. 39 (a), that once a demand for jury trial has been properly made it can be waived only by an oral stipulation made in open court and entered in the record, or by written stipulation.

We believe that the trial court erred in taking the case away from the jury and that this case should be reversed irrespective of the fact that counsel for appellant failed to object to the error. We agree with appellants' contention that the right to jury trial is a constitutional right which is so fundamental that the rule that cures error where counsel fails to object ought not to be readily applied to the denial of rights protected in the Constitution of Arkansas and described therein as "inviolate." (Ark. Con. Art. 2, Section 7) Procedural rules governing jury trials are not intended to diminish the right to a jury trial. These rules should be interpreted so as not to give effect to dubious waivers of rights. *In re Zweibon*, 565 F. 2d 605 (D.C. 1977). In the case of *United States* v. *Fred A. Arnold, Inc.*, 573 F. 2d 605 (9th Cir. 1977), the United States brought an action against Fred A. Arnold, Inc., a general contractor, seeking to collect F.I.C.A. taxes which its subcontractor failed to pay on behalf of its employees. The defendant demanded a jury trial. After discovery proceedings, the United States filed a motion for summary judgment. The defendant responded and filed a cross-motion for summary judgment. The district court then aborted the jury and granted the government's motion.

On appeal, the United States Court of Appeals for the Ninth Circuit reversed, stating that although the defendant

filed a cross-motion for summary judgment, he did not thereby waive his right to a jury trial. The court stated:

> Under proper circumstances a hearing on a complete record under cross-motions for summary judgment may amount to a stipulation by the parties to a court trial on an agreed written record. In the instant case, however, neither party, explicitly or inferentially, stipulated to a court trial. To the contrary, defendant demanded a jury trial. Indeed, the jury had already been impanelled when the government moved for summary judgment. We cannot find a waiver of the right to jury trial under these circumstances.

Similarly, in the instant case, appellant never explicitly nor inferentially stipulated to a court trial. The court's action in taking the case from the jury and immediately announcing its judgment was a substantive error, and a failure to object does not preclude appellant from alleging it on appeal. This decision is not intended to relax the rule requiring a timely and proper objection to error by the trial court, particularly where such objections provide the opportunity for correction. Rather, because the Rules of Civil Procedure are new and inasmuch as they set forth a process by which the right to trial by jury once demanded, is waived, that process must be followed with reasonable rectitude.

The Rules of Civil Procedure in Arkansas are patterned after the Federal Rules of Civil Procedure and have been in effect slightly over a year. Hence, there is virtually no case law yet in this state on the interpretation of these rules. Nevertheless, but for minor exceptions, the new rules are very similar to the Federal Rules, and we regard the interpretation of these rules by federal courts to be of significant precedential value and we are constrained to follow those which are convincing.

Since the case is remanded on the first issue, we do not reach the other issues discussed by appellant.

Reversed and remanded.