Dorothye J. ALBRITTON *v.* PRUDENTIAL INSURANCE COMPANY

CA 80-520                                           615 S.W. 2d 412

Court of Appeals of Arkansas
Opinion delivered May 20, 1981

*Eugene Hunt*, for appellant.

No brief for appellee.

JAMES R. COOPER, Judge. This is an appeal from the portion of an order of dismissal which taxed costs of a jury against appellant. The case had been set for trial June 27, 1980, and on that morning, before the jury was seated, the parties settled the lawsuit. Affidavits have been filed here verifying that the trial court, when advised that the matter had been settled, informed counsel that the parties would have to pay the costs of the jury. The parties then apparently agreed that if any costs had to be paid, appellant would pay them.

An order was entered which provided:

> . . . the Court directed that a jury tax of $277.50 as well as other costs of the Court would be taxed to the parties. Thereupon, it was agreed by the parties that these costs would be paid by the plaintiff [Appellant]. . . .

Appellant cites *Miller* v. *Scroggins*, 260 Ark. 685, 543 S.W. 2d 476 (1976) for the proposition that there is no statutory authority for the imposition of costs against the losing party. That case does interpret Ark. Stat. Ann. § 39-302 (Repl. 1962) as allowing the Court to tax costs against the unsuccessful party *only* in county or probate cases. However, we are not dealing with that situation here. In this case, the Court indicated, in effect, that the parties would have to reimburse the county for its expense in providing a jury which was not going to be used. Appellant then, without objection to the Court's statement, agreed to pay the jury.

We have no record of an objection to such a ruling by the trial court, and, in fact, we find no ruling by the Court assessing costs. The order of dismissal shows that appellant agreed to pay the jury costs. We affirm the decision of the

trial court for this reason. *Arkansas State Highway Commission* v. *Newton*, 253 Ark. 903, 489 S.W. 2d 804 (1973).

Although we agree that there is no statutory authority to tax costs to the unsuccessful party, we do not decide that the Court could never tax the costs of a jury to the parties. We have found no case which holds that a local rule of the Court, properly filed under Rule 12 of the Uniform Rules for Circuit and Chancery Courts, Ark. Stat. Ann. Vol. 3A (Repl. 1979) could not allow the costs of a jury to be taxed to the parties under specified circumstances. However, that question is not now before us.

Affirmed.