Carl DUNCAN and Valerie DUNCAN, Husband and Wife *v.* Billy Charlene McGAUGH, Executrix, and Max McGAUGH

CA 85-467 719 S.W.2d 710

Court of Appeals of Arkansas
Division II
Opinion delivered November 26, 1986

*Jeff Duty*, for appellant.

*Blaine A. Jackson*, for appellee.

MELVIN MAYFIELD, Judge. The question in this case is whether the court erred in denying appellants a trial by jury.

Appellees filed suit in unlawful detainer against appellants on April 23, 1985. On May 17 a writ of possession was issued which contained a provision for appellants to retain possession of the property by filing a $2,500.00 surety bond within five days of the issuance of the writ. The bond was filed on May 22, 1985, and trial was set for July 18, 1985. On July 3, 1985, an order was entered which stated that the bond which had been filed to permit the appellants to retain possession of the property was not in proper form and was invalid. Appellants were given until July 8, 1985, in which to post a proper bond and if this was not done the clerk was directed to issue a writ granting appellees possession of the property.

In the meantime, appellants had dismissed their original attorney and retained another one, and on June 21, 1985, the new attorney had filed a cross-complaint against appellees and in that pleading had requested a trial by jury. On June 28, 1985, answer to the cross-complaint was filed and it contained an objection to a jury trial on the basis that the request was untimely filed.

On July 18, 1985, court convened for a trial on the merits of the case. Before the trial started, counsel for appellants an-

nounced to the court that the motion for jury trial was renewed. At that time, a record was made on the court's previous denial of appellants' same request. The discussion between counsel for both parties and the court discloses that the case had first been set for trial on July 18, 1985, but had been accelerated to July 3 because of the problem with the bond, and that the court had informed appellants' counsel sometime prior to July 3 that a jury trial could not be had on that date. Then on July 3, 1985, the court had granted an oral motion by appellants' counsel for a continuance, over the objection of counsel for appellees, and had issued the order declaring the bond invalid but giving appellants until July 8, 1985, to post a proper one.

On appeal, the appellants argue that the trial court erred in denying them a jury trial. They say their request, filed on June 21, 1985, was made more than twenty days prior to the date on which the trial was actually held, July 18, 1985. It is admitted, however, that at the time the request for jury trial was made, the case had already been reset for trial on July 3, 1985. The appellants cite the case of *Bussey* v. *Bank of Malvern*, 270 Ark. 37, 603 S.W.2d 426 (Ark. App. 1980), in which the trial court was reversed for taking the case away from the jury when both sides moved for a directed verdict. In that case, we explained that prior to the adoption of the Arkansas Rules of Civil Procedure the Arkansas rule was that where both parties moved for a directed verdict and no other jury instructions were requested by either party, the parties were regarded as having agreed that the issues could be decided by the court rather than the jury, but that the new rules of procedure had abolished that law, and that the new rules "should be interpreted so as not to give effect to dubious waivers of rights." Of course, we are not faced with that same factual situation in the case at bar.

 In *Johnson* v. *Coleman*, 4 Ark. App. 58, 627 S.W.2d 564 (1982), the appellant demanded a jury trial on the date of trial. We affirmed the denial of a jury trial because he had failed to comply with ARCP Rule 38. That rule provides:

> (a) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by filing with the clerk a demand therefor in writing at any time after the commencement of the action and not later than 20 days prior to the trial date. Such demand may be indorsed upon a

pleading of the party.

. . . .

(c) Waiver. The failure of a party to file a demand as required by this rule and as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Appellants do not direct us to any Arkansas cases analyzing this rule and our research has disclosed none. The federal rule is somewhat different, and we found no assistance from that quarter. In Texas, a request for jury trial must be made not less than ten days before trial. In *Peck* v. *Ray*, 601 S.W.2d 165 (Tex. Civ. App. 1980), the appellate court held that the trial court did not abuse its discretion in refusing the request for a jury trial which was prepared by the attorney thirteen days prior to trial but inadvertently not mailed until eight days before trial. The Texas appellate court listed several factors to be considered by the trial court in determining whether a jury trial should be granted or denied after a late request. Included were the obviously important considerations of whether granting the request would injure the adverse party, would interfere with the orderly handling of the court's docket, or would unduly delay the trial.

In the case at bar, the record shows that the request for jury trial filed on June 21 was not more than twenty days prior to July 3, the date the case was at that time set for trial. A hearing was held on July 3, or at least an informal conference between counsel and the court, and the order voiding the bond was entered and a continuance for the trial on the merits was granted. The record before us does not disclose that appellants renewed their request for a jury trial at that time. The record shows that the request was renewed only on the day the trial actually took place, July 18. Under ARCP Rule 39(b), the trial court has the discretion to grant a motion for jury trial even though the demand has not been made in keeping with the provisions of ARCP Rule 38. However, in the instant case, the trial court did not use that discretion to grant the motion for jury trial made on July 18. Under the circumstances, we hold that the court did not abuse its discretion in refusing to grant the appellants a trial by jury.

Affirmed.

CRACRAFT, C.J., and CORBIN, J., agree.